### ZIELINSKI v. SZILVASY
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Mar. 23, 1928.
Thomas, J., of the 4th Dist., and Williams, J., of the 6th Dist., sitting.
**First Publication of This Opinion**
Syllabus by Editorial Staff
**REAL ESTATE**
(510 B3c) Under contract to do "all of the mason work," in construction of house, work of putting footing under building does not constitute "extra."
**ACTIONS**
(10 P3) Where right of action is in firm or partnership, action must be brought in name of such firm or partnership, and not of individual member.

Appeal from Common Pleas.
Judgment affirmed.

W. E. Stankiewicz, Youngstown for Zielinski.

Friedman & Russell, Youngstown, for Szilvasy.

### STATEMENT OF FACTS

This case is before the court on appeal from the Court of Common Pleas. The plaintiff claims there is a balance due him of $410.00 on account of extra work performed in the construction of a brick house for the defendant. It appears from the record that the plaintiff is a member of a firm consisting of himself, his father and a brother, and that they at the time were sub-contractors under the partnership firm of Sisko, Boris & Druga in doing the brick work in the construction of said house, and that for said work they were to receive $2900.00 for the labor and materials furnished. The contract of the firm of which the plaintiff was a member stipulated that it was to do "all of the mason work." After the work was fully performed the plaintiff filed a mechanic's lien against the property upon which the house was erected, in the sum of $410.00, claiming that this amount was due as extras in putting a footing under the building. It is claimed on behalf of the defendant that there was no contract between him and the plaintiffs whereby he was to pay for any such so-called extras. It is further claimed by the defendant that the plaintiff did not comply with the statute in sending the preliminary affidavit to the defendant, and so forth.

THOMAS, J.

The court, from a careful consideration of the record, is unable to say whether or not there was an agreement between the defendant and the plaintiff whereby the defendant agreed to pay the plaintiff for this work as an extra. As has been stated, the plaintiff had agreed with the principal contractor to do "all the mason work," and this was a part of the work to be done by the plaintiff under said contract. The fact that a proper construction of the building required this footing would not make it an extra and it was included in the general contract with the principal contractor.

The court therefore feel it unnecessary to go into a discussion of whether or not the lien was valid by reason of the alleged failure on the part of the plaintiff to send to the owner the preliminary affidavit. As a matter of fact, the court finds that the plaintiff has been fully compensated for the work which he agreed to do and that there is nothing due him from the defendant.

This contract having been made between the principal contractor and the firm of which the plaintiff is a member, it seems to us that the plaintiff is not the real party in interest, and that if a suit were to be maintained that the partnership firm should have brought it instead of a member of it.

For the above reasons the judgment of the lower court is affirmed.

(Farr and Williams, JJ., concur.)